IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: NONPARTY SUBPOENAS TO PPG INDUSTRIES, INC., | )<br>)<br>)  2:20-mc-00296-RJC<br>)<br>)<br>)  Judge Robert J. Colville<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Before the Court is the Motion to Quash the Sherwin-Williams Company's Nonparty Document and Deposition Subpoenas (ECF No. 1) filed by PPG Industries, Inc. ("PPG"). PPG seeks to quash two third-party subpoenas issued by the United States District Court for the Eastern District of Wisconsin at the request of Defendant Sherwin-Williams Company ("Sherwin-Williams") in United States District Court for the Eastern District of Wisconsin Case Nos. 11-cv-00055-LA and 14-cv-01423-LA ("the underlying litigation"). The subpoenas at issue seek thirty-two (32) categories of document production and a Fed. R. Civ. P. 30(b)(6) Deposition of PPG regarding twenty-one (21) matters of examination. Temple Decl. Ex. 1A; 1B, ECF No. 3. In support of its Motion, PPG filed a Brief in Support (ECF No. 2) and a Declaration of Chris M. Temple, Esquire (ECF No. 3), which attaches several Exhibits in support of PPG's Motion. Sherwin-Williams filed a Brief in Opposition (ECF No. 16) on March 6, 2020. PPG filed a Reply Brief (ECF No. 17) on March 13, 2020. After seeking leave of court, Sherwin-Williams filed a Sur-Reply on March 16, 2020 (ECF No. 20).

      Fed. R. Civ. P. 26 provides that:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 45(d)(3), a nonparty may move the district court where compliance is required to quash or modify a subpoena. As compliance is required in this District, PPG's Motion is properly before this Court.

In the underlying litigation, plaintiffs have sued Sherwin-Williams alleging injury from ingestion of white lead carbonate pigments ("WLC"). Opp'n to Mot. to Quash 1, ECF. No. 16. PPG avers that it is not a defendant in the underlying litigation and that it has never manufactured WLC, and that the information sought by Sherwin-Williams is thus irrelevant to the underlying action. PPG asserts that the discovery sought by Sherwin-Williams arises from and relates only to the United States District Court for the Eastern District of Wisconsin's expansion of Wisconsin state law's risk-contribution theory in the underlying matter to subject paint manufacturers, as opposed to only WLC manufacturers, to potential risk-contribution liability.[1] Mem. of Law in Supp. 11, ECF No. 2. PPG asserts that the United States District Court for the Eastern District of Wisconsin's decision to subject such individuals to potential liability radically expanded Wisconsin state law's risk-contribution theory, and that the District Court for the Eastern District of Wisconsin was without authority to provide for such an expansion. *Id.* PPG argues that this Court should not permit discovery which would have been impermissible absent such a decision. PPG requests that this Court find that the United States District Court for the Eastern District of Wisconsin exceeded its interpretive authority, and that this Court is, accordingly, not bound by

---

[1] *See* Mem. of Law in Supp. 6 (quoting Temple Decl. Ex. 3 20:25-21:2, ECF No. 3) ("I'll hold now that manufacturers who integrated another company's WLC into their own finished product and then sold that finished product in the relevant time and geographic area can be liable under risk contribution.").

that Court's ruling. PPG further argues that the discovery sought by Sherwin-Williams's subpoenas is irrelevant absent the aforementioned expansion of Wisconsin state law's risk-contribution theory.

Sherwin-Williams asserts that the relief PPG seeks would require this Court to overrule the decision of the United States District Court for the Eastern District of Wisconsin in the underlying litigation respecting the scope of Wisconsin's risk-contribution theory. Sherwin-Williams argues that this Court should not apply a standard of review to discovery that is different than that which will ultimately govern liability in the underlying action.

To the extent that PPG's Motion asks this Court to overturn or overrule any ruling or decision of the Honorable Lynn Adelman of the United States District Court for the Eastern District of Wisconsin, the Motion is denied. There is no basis for this Court to apply a Wisconsin state law risk-contribution theory different than that applied in the inextricably related underlying action. *See TCF Film Corp. v. Gourley*, 240 F.2d 711, 713 (3d Cir. 1957) (citing *Price v. Greenway*, 167 F.2d 196, 199-200 (3d Cir. 1948); *Jurgenson v. National Oil & Supply Co.*, 63 F.2d 727, 729 (3d Cir. 1933) (holding that, except under the most extraordinary circumstances, "judges of co-ordinate jurisdiction sitting in the same court and in the same case should not overrule the decisions of each other."); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982) ("Here, the principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority."). PPG clearly asks this Court to reexamine rulings rendered in the underlying action by a court of equal authority respecting the scope of Wisconsin state law's risk-contribution theory. This Court will not disturb any such ruling and will not apply any interpretation of Wisconsin law in this action other than that applied by Judge Adelman.

PPG asserts that it seeks dismissal only on the legal grounds outlined in its Motion, and that it has served Sherwin-Williams with specific objections based upon undue burden, failure to allow a reasonable amount of time to apply, and "other grounds" that it intends to reserve, presumably for a future motion to quash.[2] Mem. of Law in Supp. 2 n.1, ECF No. 2. PPG's Motion and Briefs, however, clearly reference the voluminous nature of the document production sought by the subpoenas at issue, as well as the wide-ranging breadth of the topics to be addressed at the Rule 30(b)(6) deposition. Mot. to Quash ¶ 3, ECF No. 1; Mem. of Law in Supp. 2; 13, ECF No. 2. Moreover, PPG's Reply Brief explicitly seeks relief on the basis of the burden imposed by the discovery requests at issue. Reply Br. 8-10, ECF No. 17. As such, the issue of undue burden is sufficiently raised by PPG's Motion such that the Court may consider the issue. Further, PPG's Motion also argues that the discovery sought is not relevant to the underlying litigation even absent the purported decisional law errors discussed above. *See* Mem. of Law in Supp. 13-15, ECF No. 2; Reply Br. 3-6, ECF No. 17 (arguing that PPG's nonparty status renders the discovery sought irrelevant). Accordingly, the issues of relevance and undue burden, and by extension proportionality to the needs of the case, are presented by PPG's Motion and presently before the Court for consideration.

In finding that there exists good cause for the Fed. R. Civ. P. 30(b)(6) deposition of PPG, Judge Adelman has already ruled upon the relevance of the discovery sought by the subpoenas at issue. *See* Opp'n to Mot. to Quash Ex. 8 11:24-12:9, ECF. No. 16 ("I find that Sherwin-Williams has good cause for each of the three categories of depositions it wishes to take, especially since the first-round trial occurred after the close of discovery in these cases and highlighted the importance of the evidence that Sherwin-Williams now seeks."). Pursuant to Fed. R. Civ. P. 45(f),

---

[2] No such objections are attached to any of PPG's filings.

4

"[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." District courts have found that the issuing court's familiarity with a case and the risk of inconsistent rulings present exceptional circumstances warranting transfer to the issuing court. *See Parks, LLC v. Tyson Foods, Inc.,* Misc. Action No. 15-634, 2015 WL 5008255, at *2 (W.D. Pa. Aug. 20, 2015) ("That court's familiarity, and the risk that this court will reach a ruling that is inconsistent with the Eastern District's ruling on already pending discovery motions, are exceptional circumstances that warrant transfer of this matter to that court."); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court."). Because the issues of relevance, burden, and proportionality are squarely before the Court, and because Judge Adelman has already found good cause for the Rule 30(b)(6) deposition at issue, the Court will address the issue of whether this matter should be transferred to the United States District Court for the Eastern District of Wisconsin, the Court which issued the subpoenas at issue and oversees the underlying litigation.

With respect to exceptional circumstances, the Advisory Committee Notes to Rule 45(f) provide:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

5

Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment. Third Circuit courts have considered a "number of factors in determining whether there are exceptional circumstances to transfer a matter under Rule 45(f): whether the issuing court set discovery deadlines, it has ruled on similar discovery issues, there is a risk of inconsistent orders, and the non-party has some connection to the proceeding." *Genesis Abstract, LLC v. Bibby*, No. CV 17-302 (RBK/AMD), 2017 WL 1382023, at *2 (D.N.J. Apr. 18, 2017). The Court notes that the Court may transfer swiftly and in the absence of a request where the same is in the interest of justice. *See Parks, LLC v. Tyson Foods, Inc.*, No. MISC.A. 15-634, 2015 WL 5008255, at *2 (W.D. Pa. Aug. 20, 2015) ("Responses from Parks or from Super Bakery, therefore, are not necessary under the circumstances. The interests of justice compel this court to act swiftly in order to ensure that the judge presiding over the Eastern District Litigation has the power to effectively and efficiently manage that matter and to enforce the deadlines it has established.").

Sherwin-Williams asserts that Rule 45(f) analysis is unnecessary because Judge Adelman has already approved discovery being served upon PPG. Opp'n to Mot. to Quash 10 n.3, ECF No.16. However, while Judge Adelman found good cause for the Rule 30(b)(6) deposition at issue, he also expressed a desire to reasonably limit the discovery sought by Sherwin-Williams. *See* Opp'n to Mot. to Quash Ex. 8 13:25-14:3, ECF. No. 16 ("But let's go back for a minute to the depositions [requested by] the defendants, which I've allowed. Can we -- Defendants, can you sort of -- Is there some way we can keep that to a reasonable limit?"). Further, while Sherwin-Williams asserts that "Judge Adelman was aware that document requests would be part of the deposition request" because the subpoenas referenced a duces tecum,[3] it is not clear that the entirety of the document requests (thirty-two (32) categories of document production) at issue were presented to

---

[3] Opp'n to Mot. to Quash 9.

Judge Adelman, who, again, expressed a desire that Sherwin-Williams keep the depositions at issue to a reasonable limit. *See* Opp'n to Mot. to Quash Ex. 7, ECF. No. 16 (Exhibit 7 is a subpoena that was directed to NL Industries, Inc., and not PPG. Accordingly, it is not clear that the subpoena that was actually served upon PPG was presented to Judge Adelman). Accordingly, the Court finds that, while Judge Adelman addressed the issue of the relevance of the requested discovery in finding good cause for the Rule 30(b)(6) deposition of PPG in the underlying litigation, the issue of proportionality was not so squarely addressed.

With respect to the issue of whether transfer is appropriate, the Court finds that the parties' briefing makes explicitly clear that Judge Adelman of the United States District Court for the Eastern District of Wisconsin has immense familiarity with the issues presented by PPG's Motion to Quash as well as the underlying litigation. *See* Mem. of Law in Supp. 6, ECF No. 2; Opp'n to Mot. to Quash 3, ECF No.16 (explaining that Judge Adelman presided over the first group of cases (*Burton*) which moved forward to trial in the Eastern District of Wisconsin, and that he made the ruling which subjected paint manufacturers to potential risk-contribution liability). Further, Judge Adelman has already ruled on the issue of whether the Rule 30(b)(6) deposition of PPG seeks relevant information. Opp'n to Mot. to Quash Ex. 8 11:24-12:9, ECF. No. 16. Judge Adelman has also spoken to the issue of reasonably limiting the deposition at issue. Opp'n to Mot. to Quash Ex. 8 13:25-14:3, ECF. No. 16. For those reasons, it is clear that the United States District Court for the Eastern District of Wisconsin is the most appropriate forum for a determination regarding whether the relevant, yet voluminous, discovery sought from PPG, a nonparty, is proportional to the needs of the case. Further, this Court's consideration of the merits of PPG's Motion to Quash presents the risk of a decision inconsistent with Judge Adelman's ruling in Eastern District of Wisconsin regarding the relevance of the Rule 30(b)(6) deposition at issue.

The Court appreciates that transfer presents a burden to PPG. This burden, however, is somewhat lessened by the Advisory Committee's Notes respecting Rule 45(f), which provide:

> If the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending. The rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court.

Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment. In light of current events, this Court would certainly expect that telecommunications methods would be the most appropriate way to address this discovery issue if an appearance is necessary. Further, the Motion to Quash has been fully briefed, and any additional argument could be advanced by further briefing, if warranted. The United States District Court for the Eastern District of Wisconsin's familiarity with this complex litigation and Judge Adelman's rulings in the underlying matter constitute exceptional circumstances warranting transfer, and these circumstances outweigh any burden on PPG. For the reasons discussed above, this matter will be transferred to the United States District Court for the Eastern District of Wisconsin for adjudication of PPG's Motion to Quash, specifically with respect to the relevance and proportionality to the needs of the case of the discovery sought in the subpoenas served by Sherwin-Williams. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 25, 2020

cc/ecf: All counsel of record